## DUNKIN *v.* OHIO DEPARTMENT OF ADMINISTRATIVE SERVICES.

(No. 85-10821 — Decided March 31, 1987.)

Court of Claims of Ohio.

*Walter G. Brooks,* for plaintiff.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Sheryl D. Wiviott,* for defendant.

STERN, J. This is an action wherein plaintiff, Edward L. Dunkin, a state employee, seeks sick leave benefits for the period from October 10, 1981 to November 28, 1981; and extended disability benefits from November 19, 1981 to November 29, 1983, at ninety percent of his regular net earnings. Plaintiff's lawsuit was filed on November 15, 1985. The Director of the defendant Department of Administrative Services ("DAS") ruled that plaintiff's new disability began prior to the effective date of the new disability plan, November 29, 1981.

The defendant has moved this court for judgment on the pleadings.

Plaintiff contends that he has exhausted all his administrative appeals pursuant to former Ohio Adm. Code 123:1-33-06 and has no remedy in the trial courts, and that therefore this court has subject matter jurisdiction.

This is a court of limited jurisdiction. R.C. 2743.02 provides that the state waives its immunity from liability and consents to be sued and have its liability determined. Plaintiff fails to refer to an administrative rule or statute that grants to the court the authority to consider plaintiff's complaint. R.C. Chapter 124 makes no reference to a person denied a disability benefit the right to bring an action in this court. In fact former R.C. 124.385, as effective November 15, 1981, provides in subdivision (F) that a disability leave requires a medical opinion, and that the decision of the third party shall be binding. Broadly, plaintiff seeks a review of the director's decision. This court has no appellate jurisdiction, except that relating to determinations made by the clerk of court relating to victims' reparations claims, and administrative determinations.

In reviewing plaintiff's complaint it is apparent that he seeks an advisory opinion. This court has no authority to issue advisory opinions.

Neither R.C. Chapter 124 nor Ohio Adm. Code Chapter 124 grants subject matter jurisdiction to this court to hear and determine plaintiff's case, nor to review defendant's decisions in the area referred to in plaintiffs' complaint.

Plaintiff not having referred this court in support of his position to a statute authorizing this court to hear and determine this cause, plaintiff's complaint must be dismissed. *Friedman* v. *Johnson,* (1985), 18 Ohio St. 3d 85, 18 OBR 122, 480 N.E. 2d 82.

It is my finding and judgment that this court has no subject matter jurisdiction to hear and consider this lawsuit. Defendant's motion to dismiss this action for want of subject matter

jurisdiction is sustained. Judgment entered for the defendant.

*Complaint dismissed.*

LEONARD J. STERN, J., retired, of the Supreme Court of Ohio, sitting by assignment.