943 F.2d 52
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John PINTER, Plaintiff-Appellee,
v.
George C. YOUNG, Bernard B. Hurst, State of Ohio, Department
of Transportation, Defendants-Appellants.
 No. 90-3849.
 United States Court of Appeals, Sixth Circuit.
 Aug. 27, 1991.
 
 Before KRUPANSKY and MILBURN, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The defendants-appellants George C. Young, Deputy Director of the Department of Transportation, State of Ohio (ODOT), Bernard B. Hurst, Director of ODOT, and ODOT appealed from the district court's denial of partial summary judgment. Pinter commenced this 42 U.S.C. section 1983 action against the defendants wherein he charged that he had been denied his fourteenth amendment equal protection and due process rights when they revoked his Level II Bituminous Concrete Technician certification. The trial court granted appellants judgment on the equal protection claim, but it rejected their motion for summary judgment on their due process claim and rejected both the eleventh amendment and qualified immunity defenses.
 
 
 2
 On appeal, the appellants argued that they were entitled to qualified immunity because Pinter had admitted the charges against him, because the pre-termination hearing complied with existing law, and because the Ohio Court of Claims afforded Pinter an adequate post-deprivation remedy. Appellant Hurst separately urged that he was immune from section 1983 liability because he had not participated in the denial of any process due Pinter.
 
 
 3
 State officials are not entitled to qualified immunity from liability for civil damages if a reasonable person acting under similar circumstances knew or should have known that his or her conduct violated clearly established statutory or constitutional rights. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982). Existing legal precedent provides that the magnitude of the property interest at stake determines the process that is due an individual before the state may deprive an individual of that interest. The greater the property interest, and the less process afforded before deprivation, the greater the degree of protection that must be afforded by a post-deprivation hearing. Cleveland Board of Education v. Loudermill, 470 U.S. 532, 542-43, 547 n. 12, 105 S.Ct. 1487, 1493-94, 1496 n. 12 (1985); Duchesne v. Williams, 849 F.2d 1004, 1008 (6th Cir.) (en banc), cert. denied, 489 U.S. 1081 (full, trial-type post termination hearing necessary corollary to limited pre-termination hearing because it ferrets out "bias, pretext, deception, and corruption by the employer in discharging the employee").
 
 
 4
 A review of the pleadings, depositions, and affidavits disclosed that there was no genuine issue that had been joined arising from Pinter's denial of the charges lodged against him by the appellants. He and his employer Glen Straub, who operated Straub Industries, a state contractor, had conferred with the Bituminous Concrete Certification Committee and had discussed the charges against Pinter. Straub then submitted a detailed letter in defense of Pinter to the committee. A review of the lower court record reflected that although the appellants had conceded that Pinter had a property interest at stake in his certification, they had failed to identify the nature of that interest in their pleadings and their summary judgment motion before the district court. In addition, the exact procedures which had been afforded Pinter are in genuine controversy, as the hearing before the Bituminous Concrete Certification Committee was not recorded. Thus, upon the present record this court cannot conclude that as a matter of law the hearing provided Pinter complied with existing law.
 
 
 5
 In addition, the Ohio Court of Claims, which is a court of limited jurisdiction, does not afford Pinter with an adequate post-deprivation remedy. The Ohio Court of Claims has limited jurisdiction to entertain only actions filed against the state, and the election of a claimant to pursue a cause of action before the Ohio Court of Claims constitutes a statutory waiver to pursue his or her claim against any officer or employee of the state in a court of law unless the act was "manifestly outside the scope of ... employment" or the officer or employee acted with "malicious purpose, bad faith, or in a wanton or reckless manner." Ohio Rev.Code Ann. § 2743.02(A)(1) (Anderson Supp.1990). The enabling legislation for the Court of Claims does not create new rights, such as review of revocation decisions of the Bituminous Concrete Certification Committee. See, e.g., McCord v. Ohio Division of Parks & Recreation, 54 Ohio St.2d 72, 375 N.E.2d 50 (1978). Nor does the Ohio Court of Claims have general appellate jurisdiction that would authorize it to entertain appeals from the Bituminous Concrete Certification Committee. See, e.g., Dunkin v. Ohio Dep't of Administrative Services, 35 Ohio Misc.2d 24, 520 N.E.2d 28 (Ct. of Claims 1987).
 
 
 6
 Finally, considering Hurst's argument that he did not participate in the denial of due process, this court notes that the record disclosed that he had received the request for reconsideration of the committee's disposition from Pinter's attorneys and elected to adhere to the revocation decision after reconsidering the committee's disposition. In addition, Hurst admitted that he had an ongoing liaison with the Bituminous Concrete Certification Committee and was informed of its activities. Although a section 1983 action may not be premised upon respondeat superior, Monell v. Dep't of Social Services, 436 U.S. 658, 98 S.Ct. 2018 (1978), the record also reflects that even if Hurst did not encourage the denial of due process or directly participate in it, he at least implicitly authorized, approved, or knowingly acquiesced in its unconstitutional conduct. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984).
 
 
 7
 Since the record before this court does not present evidence to support a conclusion that the appellants are entitled to judgment as a matter of law, the district court's denial of partial summary judgment on the due process claim is AFFIRMED.