DECISION
Plaintiff-appellant, Edwin D. Bailey, appeals from a judgment of the Ohio Court of Claims granting the motion to dismiss of defendant-appellee, Ohio Department of Administrative Services ("ODAS"). Because the Court of Claims properly determined it lacked jurisdiction over plaintiff's complaint, we affirm.
According to plaintiff's complaint, as an employee of the Ohio Department of Transportation ("ODOT"), plaintiff had applied for disability benefits that ODAS denied. Plaintiff administratively appealed that determination, and it was affirmed. Pursuant to R.C.119.12, plaintiff then appealed to the Franklin County Court of Common Pleas, where the denial of benefits was reversed due to ODAS' failure to file in the appeal a transcript of the proceedings before the agency.
Although the common pleas court remanded the matter to ODAS for further proceedings, the parties disagreed on the nature of those proceedings: plaintiff asserted he was entitled to benefits, while ODAS asserted plaintiff was entitled to another hearing before the agency. To clarify the matter, plaintiff filed a motion for contempt against ODAS in the common pleas court. The common pleas court denied the motion for contempt but clarified that the matter had been remanded to determine plaintiff's benefits, not for a second hearing.
On remand, ODAS granted plaintiff disability benefits from May 8, 1998 to July 31, 1998; it refused payment thereafter because ODOT terminated plaintiff's employment as of July 31, 1998. Relying on Ohio Adm. Code123:1-33-12, plaintiff filed a complaint in the Court of Claims seeking disability benefits from August 1, 1998 through May 8, 2000 in the amount of $31,688.80, plus attorney fees, medical fees, interest, and $50,000 in punitive damages, for a total claim of $99,580.69.
In response, ODAS filed a motion to dismiss, asserting (1) the Court of Claims lacked subject matter jurisdiction over plaintiff's complaint, and (2) the complaint failed to state a claim upon which relief could be granted. Following the parties' full briefing of the issue, the Court of Claims on August 10, 2001, determined it lacked subject matter jurisdiction over plaintiff's complaint, granted ODAS' motion and dismissed plaintiff's case. Plaintiff appeals, assigning the following errors:
 1. ORC 2743 states that the Court of Claims has sole and exclusive jurisdiction of Civil Suits against the State of Ohio.
 2. The second assignment of error is Dunkin v. Ohio Department of Administrative Services, document #13, Court's Entry of Dismissal (page 1, paragraph 1, 2, 3), the Court cites Dunkin the deciding cause in this action.
 3. The third assignment of error is wrongful termination.
 4. The fourth assignment of errors [sic] is entitlement of attorney fees.
While plaintiff has assigned four errors, the Court of Claims dismissed the case for lack of subject matter jurisdiction. Accordingly, the only error before this court for consideration is the propriety of that ruling, as the trial court did not consider this case on the merits. See Stanfield v. Ohio Dept. of Admin. Serv. (June 27, 1985), Franklin App. No. 84AP-1050, unreported.
The Court of Claims is a court of limited jurisdiction. Pursuant to R.C. 2743.02, the state waived its immunity and consented to be sued. Under that waiver, the Court of Claims has "exclusive, original jurisdiction of all civil actions against the state permitted by the waiver of immunity contained in section 2743.02 of the Revised Code, exclusive jurisdiction of the causes of action of all parties in civil actions that are removed to the court of claims, and jurisdiction to hear appeals from the decisions of the court of claims commissioners." R.C.2743.03(A)(1).
Plaintiff's complaint fails to set forth a claim falling within the jurisdiction of the Court of Claims. Plaintiff's complaint seeks review of ODAS' decision denying disability benefits. The Court of Claims' appellate decision is limited, encompassing only appeals of decisions of the Court of Claims commissioners.
Moreover, the provision granting the Court of Claims jurisdiction of those causes of action that existed before enactment of the Court of Claims Act and which were barred by the doctrine of sovereign immunity does not apply. See Ashland Co. Bd. of Commrs. v. Ohio Dept. of Taxation (1992), 63 Ohio St.3d 648 . Typical of the previously barred actions are the negligence actions injured parties had unsuccessfully attempted to commence in the common pleas court prior to the Court of Claims Act. By contrast, statutory and administrative provisions set forth a procedure for redressing the state's decisions regarding disability benefits. Indeed, plaintiff availed himself of those procedures and appealed ODAS' initial, adverse decision to the common pleas court, where it was reversed. Although the common pleas court returned the matter to ODAS to award benefits, it did not determine the extent or amount of those benefits. Accordingly, if plaintiff was dissatisfied with the results, his remedy was another appeal similar to his first.
In the final analysis, regardless of how plaintiff characterizes his claim against ODAS, plaintiff is seeking a determination that ODAS wrongly denied him disability benefits. Any errors could have and should have been raised through an R.C. 119.12 appeal that could have brought plaintiff into the common pleas court, and further, if appropriate, to determine the propriety of ODAS' decision on his sick leave benefits. Helfrich v. Ohio Unemp. Comp. Bd. of Rev. (May 20, 1999), Franklin App. No. 98AP-1074, unreported. Because the Court of Claims lacks appellate jurisdiction to review those decisions, it properly determined it lacked subject matter jurisdiction over plaintiff's complaint. See Dunkin v. Ohio Dept. of Admin. Serv. (1987), 35 Ohio Misc.2d 24. Accordingly, we overrule plaintiff's first and second assignments of error, rendering moot his third and fourth assignments of error, and we affirm the judgment of the Ohio Court of Claims.
Judgment affirmed.
PETREE and PAINTER, JJ., concur.
PAINTER, J., of the First Appellate District, assigned under authority of Section 6(C), Article IV, Ohio Constitution.