72

McCord, Appellee, *v.* Ohio Division of Parks and Recreation, Appellant.

(No. 77-610—Decided April 19, 1978.)

*Messrs. Rogers, Horton & Forbes, Mr. Earle C. Horton* and *Mrs. Mabel M. Jasper,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Melvin D. Weinstein,* for appellant.

*Per Curiam.* Prior to the enactment of the Court of Claims Act, R. C. Chapter 2743, the state enjoyed immunity from tort liability. The state has provided statutory means of adjudicating certain claims against it under R. C. 2743.02(A), which reads, in pertinent part, as follows:

"The state hereby waives its immunity from liability

and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, subject to the limitations set forth in this chapter.''

One such rule of law "applicable to suits between private parties" is R. C. 1533.181(A), which provides that:

''No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

''(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

''(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user.''

"Recreational user" is defined in R. C. 1533.18(B) as ''a person to whom permission has been granted, without the payment of a fee or consideration * * *, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits.''

It is clear that, under these statutes as plainly construed, the state, when viewed as if a private party, owes no duty to a recreational user of its land, such as appellee, who has paid no fee or valuable consideration.*

R. C 2743.02(A) does not create a new right of action against the state, but places the state upon the same level as any private party. Since R. C. 1533.181(A) precludes recovery against any landowner, the state cannot be held liable as a matter of law. If the immunity which the state has historically enjoyed is to be lifted further, it must be accomplished by the General Assembly and not by this court.

---

*Statutes similar to R. C. 1533.181, which abrogate the common law and do not place any duty toward recreational users upon landowners, predicate liability upon the payment of a fee and exist in a majority of the states. See *Hamilton* v. *United States* (E. D. Va. 1974), 371 F. Supp. 230; *Garfield* v. *United States* (W. D. Wisc. 1969), 297 F. Supp. 891.

Therefore, the judgment of the Court of Appeals must be reversed and the order of the Court of Claims dismissing appellee's complaint reinstated.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

CELEBREZZE, J., dissents.