FETHEROLF, APPELLANT, *v.* THE STATE OF OHIO, DEPT. OF NATURAL RESOURCES, DIV. OF PARKS & RECREATION, APPELLEE.

(No. 82AP-66—Decided May 27, 1982.)

*Mr. William L. Stehle,* for appellant.
*Mr. William J. Brown,* attorney general, and *Mr. Warren M. Enders,* for appellee.

WHITESIDE, P.J. Plaintiff-appellant, Larry W. Fetherolf, Sr., appeals from a judgment of the Court of Claims and raises four assignments of error, as follows:

"I. The Court of Claims of Ohio erred in holding as a matter of law that plaintiff-appellant's claim of willful and wanton misconduct against the state was barred by Ohio Revised Code Sections 1533.18 and 1533.181.

"II. The Court of Claims of Ohio erred in not holding that the state, even if under no initial obligation to protect the public, once having undertaken to do so, must use ordinary care to so protect, or else be liable for damages.

"III. The Court of Claims of Ohio erred in holding as a matter of law that plaintiff-appellant was a recreational user, as defined by Ohio Revised Code Section 1533.18(B), and thereby barred from recovery by Ohio Revised Code Section 1533.181.

"IV. The Court of Claims of Ohio erred in not holding that, as applied to actions for willful and wanton misconduct, Ohio Revised Code Section 1533.181 violates the equal protection clauses of the United States and Ohio Constitutions."

By his complaint, plaintiff seeks damages for injuries to his right leg, ankle and foot and other parts of his body as a

result of a fall during a visit with his family to Delaware State Park sustained as he "stepped from the concrete pad onto a muddy area which was negligently maintained." Plaintiff further alleged that defendant was guilty of willful and wanton misconduct "in that they had a duty to warn plaintiff and failed to warn him of a dangerous situation."

Defendant filed a motion for summary judgment supported by an affidavit of the park manager stating that Delaware State Park is owned and operated by the state and open to the public and that no fee is charged for use thereof. Defendant, therefore, sought dismissal pursuant to R.C. 1533.181 (A)(1) providing in part that the owner of the premises owes no "duty to a recreational user to keep the premises safe for entry or use."

Plaintiff filed an affidavit, as well as one of his wife, in opposition to the motion for summary judgment, which states in part:

"1. On July 6, 1980, I took my family to Delaware State Park. The purpose of the trip was to allow my family to swim in the lake.

"2. I was unable to participate in the swimming due to a damaged right shoulder. My intent was to sit by the lake while my family swam. I was not using the park facilities in any other manner.

"3. I was walking toward the beach area with my three-year-old daughter. I was walking in the grass and hit a mud slick and took a very hard fall which resulted in severe damage to my lower leg and ankle which required surgery and permanent screws in my ankle.

"4. After I fell, the lifeguards came over to try to help until the emergency squad arrived. At this time they said that they were afraid someone would get hurt on the mud slick due to the washout and had informed their supervisors about the danger. However, the supervisors did nothing in fact to eliminate the danger."

The affidavit of plaintiff's wife was similar to his.

The trial court sustained defendant's motion for summary judgment and dismissed the case upon authority of *Moss* v. *Dept. of Natural Resources* (1980), 62 Ohio St. 2d 138 [16 O.O.3d 161], and *McCord* v. *Division of Parks & Recreation* (1978), 54 Ohio St. 2d 72 [8 O.O.3d 77].

In both *Moss* and *McCord*, the Supreme Court held that R.C. 1533.181 applies to the state since state-owned land is within the definition of "premises" as defined in R.C. 1533.18 (A). R.C. 1533.181 provides as follows:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

Clearly, the state owed no duty to plaintiff and, therefore, could not be liable to him if he were a recreational user of Delaware State Park at the time of his injury. Plaintiff contends that he was not a recreational user because, as a result of his injured shoulder, he was unable to use the recreational facilities which were to be enjoyed by his family but, instead, was only going to sit and watch. R.C. 1533.18(B) defines recreational user, as follows:

" 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

Accordingly, whether plaintiff was a

recreational user at the time in question depends upon whether he entered the park for the purpose of engaging in a recreational pursuit within the contemplation of the definition. Construed most strongly in his favor, the evidence does indicate that plaintiff was not going to swim but, instead, while his family swam, he was going to sit by the lake presumably on the beach area to which he was walking at the time of his fall. Sitting on the beach watching others swim (including members of one's family) constitutes a recreational activity within the contemplation of the definition set forth in R.C. 1533.18 (B), *supra*. Plaintiff's affidavit clearly indicates that he intended to engage in a type of recreational activity, albeit not one of the recreational pursuits specifically mentioned in the statute, but one of the same general type and nature as set forth. Sitting on the beach or otherwise close to the water is a recreational pursuit associated with swimming. Accordingly, plaintiff was a recreational user since he entered the park for the purpose of engaging in such recreational pursuit. Plaintiff also enjoyed a vicarious use of the premises for a recreational activity since he brought his family there to swim. However, it is unnecessary to rely upon such vicarious use of the premises since plaintiff entered the premises for the purpose of personally engaging in a recreational pursuit.

Turning more specifically to the assignments of error, by the first, plaintiff contends that he should be entitled to maintain his claim as one for willful and wanton misconduct, even assuming applicability of R.C. 1533.181, which plaintiff contends bars only claims predicated upon ordinary negligence.

R.C. 1533.181, *supra*, clearly states that, with respect to a recreational user, there is no assurance that the premises are safe for entry or use and no duty to such user to keep the premises safe for entry or use. There can be no wanton misconduct unless one breaches a duty which he owes to another. Since the statute expressly provides that there is no duty, there cannot be wanton misconduct.

At oral argument, plaintiff conceded that he does not contend that the state willfully injured him, and his affidavit, as well as that of his wife, negates any such willful act. There is no basis for a claim predicated upon willful misconduct. Accordingly, the first assignment of error is not well-taken.

By the second assignment of error, plaintiff contends that, even if the state had no duty, it assumed one by providing lifeguards. In *McCord, supra,* the Supreme Court found that R.C. 1533.181 precluded liability of the state despite a claim that the lifeguard employed either was inadequately trained or inadequately performed his duties resulting in a drowning of a minor child. Plaintiff's claim has much less of a foundation than that in *McCord* since lifeguards are not ordinarily understood to be employed for the purpose of maintaining the premises itself in a safe condition for users of the premises. Accordingly, the second assignment of error is not well-taken.

The third assignment of error is not well-taken since, as indicated above, plaintiff was a recreational user as defined by R.C. 1533.18(B).

The fourth assignment of error is not well-taken in light of the holding in the third paragraph of the syllabus of *Moss, supra,* specifically holding that R.C. 1533.181 does not violate the Equal Protection Clause of either the United States or Ohio Constitutions. Although no contention of wanton misconduct was made in *Moss,* the Supreme Court rejected a contention "that there is no rational basis or legitimate state interest in the creation of a classification wherein an owner of land owes no duty to a recreational user." Since plaintiff's claim for wanton misconduct fails because of the lack of such duty, necessarily the same result must ensue.

For the foregoing reasons, all four assignments of error are overruled, and

the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

STRAUSBAUGH and NORRIS, JJ., concur.