HAVILAND *v.* OHIO DEPARTMENT OF NATURAL RESOURCES.

(No. 86-09133—Decided July 1, 1987.)

Court of Claims of Ohio.

*Nicholas M. DeVito,* for plaintiff.
*Anthony J. Celebrezze, Jr.,* attorney general, and *G. Benjamin Wills,* for defendant.

STERN, J.    Plaintiff, Mary Lou Haviland, in her complaint claims that on October 26, 1985, she drove her automobile into Edgewater Park, which is a park under the control and maintenance of the state of Ohio Department of Natural Resources. The purpose of her entry into the park was to pick up members of her family who had been attending a party there.

Defendant has moved this court to dismiss this action pursuant to Civ. R. 12(B)(6). The state contends that plaintiff in her complaint failed to state a claim upon which relief can be granted.

The basis upon which the state has filed its motion is that plaintiff was a "recreational user" as defined in R.C. 1533.18(B), as she paid no fee or consideration to enter upon the premises to engage in a recreational pursuit. *Moss* v. *Dept. of Natural Resources* (1980), 62 Ohio St. 2d 138, 16 O.O. 3d 161, 404 N.E. 2d 742. The court in *Moss* made this pertinent comment about the rational basis or legitimate state interest in the creation of a classification wherein an owner of land owes no duty to a recreational user. It agreed with the court of appeals in holding there is a reasonable relationship to a legitimate state interest, that being to encourage owners of premises suitable for recreational pursuits to open their land to public use without

worrying about liability. *Id.* at 142, 16 O.O. 3d at 164, 404 N.E. 2d at 745.

The Tenth District Court of Appeals in *Fetherolf* v. *State* (1982), 7 Ohio App. 3d 110, 111-112, 7 OBR 142, 144-145, 454 N.E. 2d 564, 566, discussed the wide range of activities which are defined as a recreational pursuit within R.C. 1533.18(B). Such activities included watching others swim. The court went on to state that a recreational park user would be one who is engaged in a vicarious activity, as the plaintiff was in this case, there to pick up her family who had been in the public park for a picnic, an available recreational purpose. Also in *Fetherolf,* the court ruled at 112, 7 OBR at 145, 454 N.E. 2d at 567, that a recreational user has no assurance that the premises are safe for entry or use. There can be no wanton misconduct unless one breaches a duty which he owes to another. Since the statute expressly provides that there is no duty, there cannot be wanton misconduct. For the same principle of law, see *Marrek* v. *Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St. 3d 194, 198, 9 OBR 508, 511, 459 N.E. 2d 873, 876.

The Supreme Court of Ohio in *McCord* v. *Division of Parks & Recreation* (1978), 54 Ohio St. 2d 72, 74, 8 O.O. 3d 77, 79, 375 N.E. 2d 50, 52, seems to have construed the law of Ohio as to recreational users of state park facilities by saying:

"It is clear that, under * * * [R.C. 1533.18(B)] as plainly construed, the state, when viewed as if a private party, owes no duty to a recreational user of its land * * *.

"R.C. 2743.02(A) does not create a new right of action against the state, but places the state upon the same level as any private party. Since R.C. 1533.181(A) precludes recovery against any landowner, the state cannot be held liable as a matter of law.* * *" (Footnote omitted.)

The clear statements of the reviewing courts cited compel the conclusion that plaintiff has failed to state a claim upon which relief can be granted. Defendant's motion is well-taken and should be sustained. The motion to dismiss the action is sustained. Judgment entered for the defendant.

*Judgment for defendant.*

LEONARD J. STERN, J., retired, of the Supreme Court of Ohio, sitting by assignment.