**McNAMARA et al., Appellants,**

**v.**

**CORNELL, Appellee.**

[Cite as *McNamara v. Cornell* (1989), 65 Ohio App.3d 269.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55968.

Decided Nov. 13, 1989.

. *Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., Richard L. Demsey* and *Joel Levin,* for appellants.

*Arter & Hadden* and *Robert J. Hanna,* for appellee.

JOHN V. CORRIGAN, Judge.

Plaintiffs-appellants, Peter M. McNamara and his father, John McNamara ("appellants"), appeal from the trial court's granting of defendant-appellee Linda A. Cornell's supplemental motion for summary judgment. The facts giving rise to the instant appeal are as follows:

Appellee was the owner of a suburban residence in the city of Bay Village. In the house garage, a skateboard bowl had been constructed by her son, Tom Beercheck, and a friend of his. The skateboard bowl was a U-shaped bowl 12 feet wide, 4 feet high, tapering down to 2½ feet. It was constructed of plywood and covered with masonite, which caused the bowl to be smooth and enabled the skaters to go faster.

Although the skateboard bowl did not comply with the housing maintenance code of the city of Bay Village, on November 12, 1985, the city permitted its use as a variance to the code. In order to avoid noise annoyance to the adjoining neighbors, the city restricted its use to the hours between 4:00 p.m. and 6:00 p.m. on weekdays, and 1:00 p.m. and 3:00 p.m. on weekends.

On Saturday, November 30, 1989, appellant Peter McNamara and his friends Jim Johnson, Tony Orseno, and David Gilmore were invited to skate on the skateboard bowl by appellee's son, Tom Beercheck. Prior to 1:00 p.m., appellant chose to ride the skateboard bowl while appellee and her son were in the house. He mounted the ramp at one end and, as he descended, appellant fell from his skateboard. Appellant suffered a broken leg.

On September 17, 1986, the appellants filed a personal injury action against the appellee in her capacity as the owner of the property in which the

skateboard bowl was located. Appellee's son, Tom Beercheck, was not named a party in this suit.

On December 24, 1987, the trial court granted appellee's motion for summary judgment which was unopposed by the appellants. However, on January 7, 1988, the court vacated the judgment and reinstated the case to allow the appellants to oppose appellee's motion for summary judgment.

On March 11, 1988, appellee filed a supplement to the original motion for summary judgment, and on April 7, 1988, appellants opposed this motion. On June 1, 1988, summary judgment was granted on the basis of R.C. 1533.181, Ohio's recreational user statute.

Appellants timely filed their notice of appeal and subsequently raised the following two assignments of error:

"I. The trial court erred as a matter of law in granting defendant's supplemental motion for summary judgment because Ohio's recreational user statute, R.C. 1533.181, is not applicable to private residential areas.

"II. The trial court erred as a matter of law in granting defendant's supplemental motion for summary judgment as there are genuine issues of material fact to be adjudicated."

Appellants' two assignments of error will be discussed jointly as they pertain to the trial court's granting of appellee's supplemental motion for summary judgment.

A motion for summary judgment should be granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). The motion for summary judgment should not be granted unless reasonable minds could reach but one conclusion. In reviewing a motion for summary judgment, the inferences from the underlying facts are construed in the light most favorable to the nonmoving party. Civ.R. 56(C); *Wills v. Frank Hoover Supply* (1986), 26 Ohio St.3d 186, 188, 26 OBR 160, 162, 497 N.E.2d 1118, 1120; *Hounshell v. American States Ins.* (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 315.

Further, a reviewing court, upon an appeal from a summary judgment, should look at the record in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 66 O.O.2d 311, 309 N.E.2d 924.

R.C. 1533.181 states:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

R.C. 1533.18 defines the terms "premises" and "recreational user" as follows:

"(A) 'Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization or corporation, including any buildings and structures thereon.

"(B) 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

■ Appellant was a "recreational user" as defined in R.C. 1533.18(B) irrespective of his status. The applicability of R.C. 1533.181 does not depend upon the common-law status of the injured party as trespasser, licensee, social guest, or invitee. *Sorrell v. Ohio Dept. of Natural Resources* (1988), 40 Ohio St.3d 141, 532 N.E.2d 722. In this case, appellant paid no fee or consideration for the use of the skateboard bowl. Therefore, appellant fits within the statutory definition of "recreational user."

■ In determining whether appellee should be given immunity under R.C. 1533.181, the analysis of a recreational user should focus on the character of the property upon which the injury occurred and the type of activities for which the property is held open to the public. *Miller v. Dayton* (1989), 42 Ohio St.3d 113, 537 N.E.2d 1294. Therefore, the issue in the instant case is whether appellee's skateboard bowl was held open to the general public for recreational use. This issue is governed by the Ohio Supreme Court decision in *Loyer v. Buchholz* (1988), 38 Ohio St.3d 65, 526 N.E.2d 300.

The Ohio Supreme Court held:

"R.C. 1533.181 was clearly not intended to confer immunity on owners of private residential swimming pools whose social guests are injured while swimming. Ordinarily, privately owned backyard pools are not kept open to the general public. Owners of such pools typically restrict the use thereof to family members, friends, neighbors and other acquaintances. It is seldom, if ever, expected that all members of the general population are welcome to enter the premises and utilize the swimming facilities." *Id.* at 66, 526 N.E.2d at 302.

In order to obtain immunity from R.C. 1533.181, the property upon which an injury occurs must be held open for public use. *Loyer, supra;* accord *Fryberger v. Lake Cable Recreation Assn.* (1988), 40 Ohio St.3d 349, 533 N.E.2d 738; *Thomas v. Coleco Industries* (N.D.Ohio 1987), 673 F.Supp. 1432.

The holding in *Loyer* was intended to encourage owners of premises suitable for recreational pursuits to open their lands for public use. It follows that where the property is not held open to the public, the immunity does not apply. *Loyer, supra,* 38 Ohio St.3d at 66, 526 N.E.2d at 301.

In this case, R.C. 1533.181 does not confer immunity on the appellee for the skateboard bowl in her privately owned residential home. The garage in which the skateboard was located was not ordinarily kept open to the general public. The boys who were skateboarding on November 30, 1985 admitted that they had to be invited to the skateboard bowl. Obviously, the use of this skateboard bowl was restricted to family members, friends, neighbors and other acquaintances.

Therefore, we hold that the immunity provided by R.C. 1533.181 does not extend to the appellee where the premises in question are not held open for gratuitous recreational use by the general public.

Accordingly, the trial court's granting of appellee's supplemental motion for summary judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PATTON, P.J., and MATIA, J., concur.