RANKEY et al., Appellants,

v.

ARLINGTON BOARD OF EDUCATION et al., Appellees.

[Cite as *Rankey v. Arlington Bd. of Edn.* (1992), 78 Ohio App.3d 112.]

Court of Appeals of Ohio,
Hancock County.

No. 5–91–29.

Decided April 20, 1992.

*Steven Collier*, for appellants.

*Robert Spurlock*, for appellee James Ewing.

*William Scott O'Brien*, for appellee John T. Sparks.

*Dennis Fitzgerald*, for appellee John Davis.

HADLEY, Presiding Judge.

This is an appeal by plaintiffs-appellants, Joanne and Edward Rankey (hereinafter "Joanne" or "appellant"), from three judgments of the Hancock County Court of Common Pleas.

On April 26, 1983, Joanne was attending her son's track meet at Arlington High School in Hancock County, Ohio. As she left the parking lot area on her way to the stands, Joanne was hit in the face by a shot thrown by a student practicing for the shot-put event. Although Joanne admits that she was aware of the fact that she was walking through the shot-put landing area, she alleges, among other things, that she witnessed others using the same route and that the defendants failed to warn her that the area was currently being used.

Thereafter, Joanne brought suit, ultimately naming the following as defendants (included is their status on the date that the injury occurred): Arlington Board of Education; Cory–Rawson Board of Education; Hancock County Board of Education; Ryan Christopher Bibler, the student who threw the shot; James Ewing, superintendent of Arlington High School; J. Thomas Bell, athletic director of Arlington High School; John Sparks, previous athletic director of Arlington High School; John Davis, track and field coach at Arlington High School; David Rossman, an Arlington elementary school principal acting as a track and field volunteer; and Steven Sutter, track and field coach at Cory–Rawson High School.

In the first judgment, entered June 23, 1989, the trial court awarded summary judgment to defendants-appellees Ewing, Bell, Sparks, Davis and Rossman on the basis of their derivative immunity under R.C. 1533.18, 1533.181 and R.C. Chapter 2743. On July 7, 1989, appellant filed what she denominated as a "Motion for Reconsideration and/or for Relief from Judgment under Civil Rule 60(B)." On August 5, 1991, in the second and third

judgments, the trial court awarded summary judgment to defendant-appellee Sutter, on the same basis as above, and denied appellant's Civ.R. 60(B) motion.

Appellant now appeals from the foregoing judgments, posing two assignments of error. Only defendants-appellees Ewing, Sparks and Davis have responded with appellate briefs.

### Assignment of Error No. 1

"The trial court was in error when it granted Defendants' motions for summary judgment on the basis that Defendants are immune from liability pursuant to R.C. 1533.18, 1533.181, and 2743.02."

■ In reviewing an award of summary judgment, a reviewing court must find, construing the evidence in a light most favorable to the party opposing the motion, that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

In the instant matter, the question presented for our review is narrowed to the applicability of R.C. 1533.181. For if the recreational user statute applies to the facts herein, it is clear that the appellees owed no duty to appellant and thus would be entitled to summary judgment as a matter of law.

R.C. 1533.181, exemption from liability to recreational users, provides as follows:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

Although appellant's argument that the legislature never originally intended for Ohio's recreational user statute to apply to cases such as the one herein may have some merit, Ohio courts have interpreted the statute so liberally that we find it impossible to say that the trial court committed error by applying it to these facts.[1]

---

**1.** For a detailed history of the creation and expansion of "derivative immunity" as provided by Ohio's recreational user statute, especially in the area of public entities, see Comment, The Expansion and Restriction of Ohio's Recreational User Statute (1990), 19 Capital Univ.L.Rev. 1191.

In determining if the area on which an injury occurred is protected under Ohio's recreational user statute, we look to the first definition in R.C. 1533.18(A):

" 'Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon."

 It appears well settled that R.C. 1533.181 is to be construed as being applicable to incidents occurring on school district property. See *LiCause v. Canton* (1989), 42 Ohio St.3d 109, 537 N.E.2d 1298; *Christman v. Columbus Bd. of Edn.* (June 8, 1989), Franklin App. No. 88AP–1075, unreported, 1989 WL 61732; and *Wheeler v. Lakewood Bd. of Edn.* (1989), 61 Ohio App.3d 786, 573 N.E.2d 1169. Most recently, in *Fuehrer v. Westerville City School Dist.* (1991), 61 Ohio St.3d 201, 203, 574 N.E.2d 448, 449–450, citing the syllabus of *Johnson v. New London* (1988), 36 Ohio St.3d 60, 521 N.E.2d 793, the Supreme Court stated:

" * * * under the recreational user statute, a political subdivision of the state could have immunity from tort liability to the same extent as an owner of private land. Therefore, as a political subdivision of the state (see R.C. 2744.01[F] ), the property of school districts meets the definition of 'premises' under the statute."

Appellant argues that, under *Carbone v. Overfield* (1983), 6 Ohio St.3d 212, 6 OBR 264, 451 N.E.2d 1229, sovereign immunity is not available to a board of education in an action for injuries allegedly caused by the negligence of the board's employees. The *Carbone* ruling is beside the point, for sovereign immunity is not at issue. As the trial court pointed out, the immunity or "exemption from liability" found here is derived from statute, being conferred indirectly by R.C. 1533.181. See *Johnson, supra,* 36 Ohio St.3d at 63, 521 N.E.2d at 796.

 Based on the foregoing, as owners, lessees or occupants of the school premises, the boards of education are cloaked with the exemption from liability that the statute provides. Moreover, we find that the appellees, as employees of the respective boards of education, are also cloaked with the exemption, so long as they were acting within the scope of their employment.[2]

---

**2.** The Ohio statute provides no definition of "owner, lessee, or occupant" and Ohio courts have only impliedly addressed the issue by reinstating the dismissal of a complaint against the state and a number of employees. See *McCord v. Ohio Div. of Parks & Recreation* (1978), 54 Ohio St.2d 72, 8 O.O.3d 77, 375 N.E.2d 50. However, the vast majority of other jurisdictions that have considered the issue under similar recreational use statutes have held

In the instant action, there is no contention that any of the appellees were acting outside the scope of their employment at the time of the incident, and appellant has conceded as much in her complaint and in her brief to this court.

■ Thus, the remaining question is whether appellant fell within the definition of a "recreational user" when she was struck with the shot.

In determining who is a recreational user we look to the definition in R.C. 1533.18(B), which provides:

" 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

In the instant case, it is uncontroverted that the track meet was open to the public and that appellant was on the property with permission. Moreover, appellant's deposition makes it clear that she paid no fee or other consideration to enter the premises. Her argument to the contrary, that the football tickets which she purchased constitute sufficient consideration, is without merit, as similar arguments have been repeatedly rejected. See *Moss v. Dept. of Natural Resources* (1980), 62 Ohio St.2d 138, 142, 16 O.O.3d 161, 163, 404 N.E.2d 742, 745.

Finally, as appellant was obviously not there to hunt, fish, trap, camp, hike or swim, the more difficult question becomes whether she entered the premises to "engage in other recreational pursuits." Due to the inherent ambiguity of the phrase, it has been the subject of the most liberal of interpretations.

In *Light v. Ohio Univ.* (1986), 28 Ohio St.3d 66, 28 OBR 165, 502 N.E.2d 611, the Supreme Court ruled that working out in a gymnasium is not within the contemplation of the recreational user statutes. In so finding, the court applied the doctrine of *ejusdem generis*, which provides that where general words follow the enumeration of particular classes of things, the general words will be construed as applying only to things of the same general class as those enumerated.

However, addressing the issue in *Miller v. Dayton* (1989), 42 Ohio St.3d 113, 537 N.E.2d 1294, where the plaintiff had been injured while playing softball at a city park, the Supreme Court, citing *Light, supra*, distinguished an open softball field from a "completely enclosed, man-made facility," *Miller*,

---

that the immunity is extended to such employees. See *Manning v. Barenz* (1992), 221 Conn. 256, 603 A.2d 399, citing *McCord, supra.*

42 Ohio St.3d at 114, 537 N.E.2d at 1295, such as a gymnasium, and then went on to conclude:

" * * * The existence of statutory immunity does not depend upon the specific activity pursued by the plaintiff at the time of the plaintiff's injury. Rather, *the inquiry should focus on the nature and scope of activity for which the premises are held open to the public.* The goal is to determine the character of the premises. *If the premises qualify as being open to the public for recreational activity, the statute does not require a distinction to be made between plaintiffs depending upon the activity in which each was engaged at the time of injury.* * * *" (Emphasis added.) *Id.* at 115, 537 N.E.2d at 1296–1297.

Engaging in a recreational pursuit has also been held to include "both walking through the park in order to reach or leave the softball field and watching the softball game," *LiCause v. Canton, supra,* 42 Ohio St.3d at 110, 537 N.E.2d at 1299; watching others swim, *Fetherolf v. State* (1982), 7 Ohio App.3d 110, 7 OBR 142, 454 N.E.2d 564; watching others play baseball, *Buchanan v. Middletown* (Aug. 24, 1987), Butler App. No. CA86–10–156, unreported, 1987 WL 16062; and, while watching a softball game, being hit by a ball from an adjacent field, *Miller v. Broadview Hts.* (Feb. 6, 1992), Cuyahago App. No. 59839, unreported, 1992 WL 19459.

In the case *sub judice,* it is uncontroverted that appellant was struck by the shot while walking across the field on her way to a place where she could watch her son participate in his event. Thus, based on the foregoing, we find that appellant was a recreation user. The fact that she was at the event as an observer, as opposed to an active participant, is inconsequential.

In accordance with *Miller v. Dayton, supra,* focusing on the premises' character as an outdoor tract of land designed primarily for running, jumping and throwing competitions, it is clear that this area is more analogous to an outdoor softball field than an enclosed man-made facility such as a gymnasium. Moreover, the nature and scope of the activity for which the premises are held open to the public is to observe the participants of these events, the same reason for appellant's attendance the day on which she was injured.

Therefore, in accordance with the foregoing findings, we conclude that the trial court did not err in finding that appellant was a recreational user and that appellees were entitled to the exemption from liability to recreational users as provided in R.C. 1533.181. As such, with no genuine issue of material fact that the appellees owed no duty to appellant, as a matter of law, summary judgment was properly granted. Appellant's first assignment of error is overruled.

### Assignment of Error No. 2

"The trial court was in error when it denied Plaintiffs' motion for reconsideration."

In her "Motion for Reconsideration and/or for Relief from Judgment under Civil Rule 60(B)," appellant argued that the trial court mistakenly construed R.C. 1533.181, as sovereign immunity is not available to the boards of education or to their employees. We disagree.

In our analysis of appellant's first assignment of error, we found that the trial court did not misconstrue R.C. 1533.181 and that it was applicable to the facts herein. Moreover, as the Supreme Court discussed at length in *Johnson v. New London, supra,* 36 Ohio St.3d at 62–64, 521 N.E.2d at 795–97, sovereign immunity is not at issue.

Therefore, as we find that there was no erroneous construction or application of law, the trial court did not abuse its discretion in denying appellant's motion and appellant's second assignment of error is overruled. Thus, having found both of appellant's assignments of error to be not well taken, the three judgments of the Hancock County Court of Common Pleas are hereby affirmed.

*Judgments affirmed.*

EVANS and SHAW, JJ., concur.