OPHEIM, a Minor, Appellant,

v.

CITY OF LORAIN et al., Appellees.

[Cite as *Opheim v. Lorain* (1994), 94 Ohio App.3d 344.]

Court of Appeals of Ohio,
Lorain County.

Nos. 93CA005708, 93CA005746.

Decided April 13, 1994.

*Geoffrey Smith,* for appellant.

*Robert J. Gargasz,* Assistant Law Director, for appellees.

---

BAIRD, Presiding Judge.

This cause was heard upon the appeal of Rachel Opheim from an order in the Lorain County Court of Common Pleas granting the Civ.R. 12(C) motion for judgment on the pleadings of appellees city of Lorain and Lorain Department of Parks and Recreation. We affirm.

On June 17, 1992, Rachel Opheim, a minor, and her mother were watching her brother's Little League baseball game at Longfellow Park in Lorain, Ohio. The park is owned and maintained by Lorain and the Little League is sponsored by the Lorain Department of Parks and Recreation.

While Rachel was watching the game from an area commonly used by spectators, a limb from a tree fell on Rachel's head, causing serious injuries. Rachel, by and through her mother, sued Lorain and the Lorain Department of Parks and Recreation,[1] alleging that the defendants were negligent and/or acted with reckless or wanton disregard for her safety in not properly maintaining the tree on the park property.

On August 19, 1993, the trial court granted the defendants' motion for judgment on the pleadings. The trial court held that R.C. 1533.181, the "recreational user" statute, exempted the defendants from liability, as Rachel was a recreational user of the park. Therefore, the court held that defendants owed her no duty of care.

---

1. Other parties, including the Lorain City Board of Education and several "John Does," were named as defendants, but are not parties to this appeal.

It is from this order that Rachel now appeals,[2] asserting two assignments of error.

## Assignment of Error I

"Ohio Revised Code Section 1533.181 is not applicable to an urban park which contains baseball fields."

Appellant alleges that R.C. 1533.181 was intended to apply only to rural or semi-rural tracts of undeveloped land, where the public can engage in outdoor sports like hunting, swimming, camping, hiking, and fishing. See *Thomas v. Coleco Industries, Inc.* (N.D.Ohio 1987), 673 F.Supp. 1432. Therefore, appellant argues that the section does not apply to the use of an urban park. We disagree.

In analyzing whether immunity under R.C. 1533.181 applies, the inquiry undertaken by the courts has focused on whether the property upon which an injury occurs is held open for public use. See, *e.g., McNamara v. Cornell* (1989), 65 Ohio App.3d 269, 273, 583 N.E.2d 1015, 1018. Numerous cases have found immunity from liability for injuries which occurred on city or suburban property. Although the definition of "recreational user" specifies activities such as hunting and fishing, it also includes persons who "engage in other recreational pursuits." R.C. 1533.18(B). "Other recreational pursuits" includes myriad activities, such as sitting on a bench while watching others swim (*Fetherolf v. State* [1982], 7 Ohio App.3d 110, 7 OBR 142, 454 N.E.2d 564), playing football (*Wheeler v. Lakewood Bd. of Edn.* [1989], 61 Ohio App.3d 786, 573 N.E.2d 1169), and watching a softball game (*Dowdell v. Eastlake* [Aug. 10, 1990], Lake App. No. 89 CIV 0125, unreported, 1990 WL 117083).

The fact that the injury did not take place in a rural or semi-rural area and involved an activity not specifically mentioned in the statute does not necessarily mean that the statute does not apply. The first assignment of error is overruled.

## Assignment of Error II

"Dismissal pursuant to Section 1533.181 of the Ohio Revised Code, if found to be applicable, was error for the reason that payment was made to use the baseball field in question."

Appellant argues that, even if R.C. 1533.181 applies to injuries which occur in urban parks, the appellees were still not exempt from liability under the statute, because payment was made to use the baseball field.

---

2. We note that none of the parties has raised the issue of sovereign immunity, pursuant to R.C. Chapter 2744. This court, therefore, need not consider the applicability of that chapter.

█ R.C. 1533.181 states:

"(A) No owner, lessee, or occupant of premises [3]:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user." (Footnote added.)

"Recreational user" is further defined at R.C. 1533.18(B) as:

"[A] person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

Several courts have held that spectators at athletic events are recreational users of property. *LiCause v. Canton* (1989), 42 Ohio St.3d 109, 537 N.E.2d 1298; *Rankey v. Arlington Bd. of Edn.* (1992), 78 Ohio App.3d 112, 116–117, 603 N.E.2d 1151, 1154; *Dowdell, supra.* Even though Rachel could be considered a recreational user of the park because she was a spectator at the baseball game, she argues that, because the Little League paid a fee to use the baseball field, she was not a recreational user under R.C. 1533.18(B). We disagree.

█ "A person is not a 'recreational user' * * * if he pays a fee * * * *to enter* upon 'premises' to engage in recreational pursuits." (Emphasis *sic.*) *Moss v. Dept. of Natural Resources* (1980), 62 Ohio St.2d 138, 16 O.O.3d 161, 404 N.E.2d 742, paragraph two of the syllabus. In this case, Rachel did not pay a fee to enter the premises. Any member of the public could enter the park, free of charge, to enjoy the baseball game. The fact that "fees were charged to certain leagues * * * does not change the fact that individual 'persons' were never charged for admission to the park." *Dowdell, supra.* See, also, *Miller v. Dayton* (1989), 42 Ohio St.3d 113, 115–116, 537 N.E.2d 1294, 1297.

The second assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

COOK and DICKINSON, JJ., concur.

---

3. Although the statute, pursuant to R.C. 1533.18, seemingly applies only to privately held land, the statute has been interpreted to include lands owned by states and municipalities. *McCord v. Division of Parks & Recreation* (1978), 54 Ohio St.2d 72, 8 O.O.3d 77, 375 N.E.2d 50.)