KENDRICK et al., Appellants,

v.

CLEVELAND METROPARKS BOARD OF COMMISSIONERS et al., Appellees.

[Cite as *Kendrick v. Cleveland Metroparks Bd. of Commrs.* (1994), 102 Ohio App.3d 739.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 65388, 65525.

Decided May 5, 1994.

*Sindell, Lowe & Guidubaldi, Daniel M. Sucher* and *Mark L. Wakefield,* for appellants.

*Arter & Hadden, Irene Keyse–Walker, Robert C. Tucker* and *Robert J. Hanna,* for appellees.

DYKE, Judge.

On June 16, 1990, three children were playing near Euclid Creek in the Euclid Creek Reservation of the Cleveland Metroparks System. Appellant Earline Calhoun had brought the children to the park for a picnic. Felicia Jefferson, age nine, subsequently drowned in a small pool of water in the creek. Her brother, Percy Reynolds, Jr. and cousin, Desarea Green, were also injured.

Calhoun brought suit on behalf of her daughter, Felicia, and several other plaintiffs alleging that the appellees, Cleveland Metroparks Board of Commissioners et al., violated R.C. Chapter 2744. Appellant's complaint asserted that the appellees were negligent, careless, reckless and wanton in their failure to safely maintain, service and/or repair, or warn the public about, the dangerous and hazardous condition in the park.

Appellees raised the defense of statutory immunity under the recreational users provision, R.C. 1533.181, in a motion for summary judgment. The trial court granted appellees' motion on March 18, 1993. Appellant Calhoun filed a timely appeal asserting three assignments of error.

On June 6, 1990, Karen Kendrick entered the Rocky River Reservation of the Cleveland Metroparks System to view the Stinchcomb Memorial. As she walked along the edge of the bluff surrounding the Memorial, she fell down a steep embankment and struck a tree, sustaining numerous fractures and other injuries.

Kendrick brought suit against appellees, alleging that her injuries were a direct and proximate result of appellees' failure to keep the public grounds open, in repair and free from nuisance under R.C. Chapter 2744.

Again appellees raised the statutory defense under the recreational user provision in a motion for summary judgment. The trial court granted the motion on April 16, 1993. Appellant Kendrick filed a timely notice of appeal and asserted three assignments of error. The Calhoun appeal and the Kendrick

appeal were consolidated pursuant to appellees' motion, as both cases presented identical issues of law.

Appellants raise the following assignments of error:

## I

"The trial court erred to appellants' prejudice when it granted appellees' motions for summary judgment."

## II

"The trial court erred to appellants' prejudice when it failed to impose a duty on appellees to keep the parks open, in repair and free from nuisance under R.C. 2744.02(B)(3)."

## III

"The trial court erred by granting statutory immunity to appellees under the recreational user provision, R.C. 1533.181."

Appellants argue that statutory immunity is not available to political subdivisions under R.C. 1533.181. Appellants assert that R.C. Chapter 2744 is exclusive legislation delineating the circumstances under which political subdivisions are entitled to immunity. Appellant's arguments are not well taken.

The recreational user statute, R.C. 1533.181 provides that:

"(A) No owner, lessee, or occupant of premises:

"(1) Owes any duty to a recreational user to keep the premises safe for entry or use;

"(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;

"(3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user."

R.C. 1533.18 provides definitions of the terms "premises" and "recreational user" as follows:

"(A) 'Premises' means all privately-owned lands, ways, waters, and any buildings and structures thereon, and all state-owned lands, ways, and waters leased to a private person, firm, organization, or corporation, including any buildings and structures thereon."

"(B) 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency

thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits."

R.C. 1533.181 was enacted in 1963, a time when governmental entities enjoyed sovereign immunity. The statute was intended originally to provide private landowners with immunity against recreational users of their property. See *McCord v. Div. of Parks & Recreation* (1978), 54 Ohio St.2d 72, 8 O.O.3d 77, 375 N.E.2d 50. After the state waived its sovereign immunity in 1975, consenting to be sued as a private individual, recreational user immunity was extended to political subdivisions by *Marrek v. Cleveland Metroparks Bd. of Commrs.* (1984), 9 Ohio St.3d 194, 9 OBR 508, 459 N.E.2d 873.

R.C. Chapter 2744, the Political Subdivision Tort Liability Act, was passed in November 1985 as a response to the judicial abolishment of sovereign immunity as it remained applicable to political subdivisions. R.C. 2744.02(A)(1) provides that:

"[A] political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

This provision is subject to exceptions enumerated in subsection (B). Appellants asserted violations of (B)(2) and (3) in their respective complaints, negligence in performing proprietary functions and failure to keep public grounds open, in repair and free from nuisance.

Appellants' argument is that R.C. Chapter 2744 is the exclusive source of immunity for political subdivisions. Appellants assert that the provisions of R.C. Chapter 2744 conflict with those of the recreational user statute, and that therefore R.C. Chapter 2744 takes precedence as the more recently enacted and more comprehensive legislation. We do not agree that the intent of the legislature was to overrule the immunity provided to political subdivisions by judicial decisions when it passed legislation further extending immunity to that class of defendants.

In fact, under R.C. 2744.03(A)(7) the legislature specifically stated: "The political subdivision * * * is entitled to any defense or immunity available at common law or established by the Revised Code."

Several courts have addressed this issue regarding the immunity of political subdivisions in light of the two statutory provisions. The United States Court of Appeals for the Sixth Circuit relied upon R.C. 2744.03(A)(7) to find that "the immunity contained in the recreational user statute precludes municipal liability related to [decedent's] use of City grounds." *Herrington v. Boyas Excavating, Inc.* (C.A.6, 1993), No. 92–3475, reported as table case at 992 F.2d 1216.

In *Harman v. Fostoria* (Feb. 18, 1994), Wood App. No. 93WD059, unreported, 1994 WL 50259, the appellate court agreed that the recreational user statute was applicable to provide immunity to a city. The plaintiff in *Harman* argued that "R.C. Chapter 2744, the Political Subdivision Tort Liability Act, statutorily reimposed a limited sovereign immunity which supersedes R.C. 1533.181." *Id.* at 3. The *Harman* Court found at 5 that:

"While there may be overlapping protection in the recreational user immunity as applied to governmental entities in *Marrek* and the Political Subdivision Tort Liability Act, the purpose of the two statutes is clearly the same: an effort to limit the taxpayers' exposure to liability."

We agree with the reasoning of the Wood County appellate court. The two statutes in question are not in conflict, both serving the same purpose. Furthermore, the legislature clearly intended for the recreational user statutory immunity to remain applicable to political subdivisions, as evidenced by the language of R.C. 2744.03(A)(7).

Because the facts are undisputed that the appellants in both cases entered the Metroparks free of charge for activities rendering them recreational users, we are constrained to find that R.C. 1533.181 applies to appellees. Under the facts of the present case, appellees are immune from liability.

When addressing whether a motion for summary judgment was properly granted the issue before this court is whether "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law," and whether "reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor." Civ.R. 56(C).

After construing the evidence from appellants' answers to interrogatories most strongly in their favor, reasonable minds can come only to the conclusion that appellants were recreational users of the property and appellees are entitled to the immunity under R.C. 1533.181.

Appellants' assignments of error are overruled. The trial courts' rulings granting appellees' motions for summary judgment are affirmed.

*Judgments affirmed.*

NAHRA, C.J., and KRUPANSKY, J., concur.