JOURNAL ENTRY AND OPINION
Valentina Onderak, administratrix of the estate of Andrey Martenyuk, appeals from a decision of the common pleas court granting summary judgment in connection with her claims for nuisance and negligent hiring of lifeguards at Huntington Beach where Andrey drowned. Onderak urges on appeal the trial court erred in granting summary judgment because the Ohio Recreational User Statute is not applicable to her claim for nuisance and does not relieve the employees of Huntington Breach from liability. Upon review, this court has concluded the Cleveland Metroparks is entitled to judgment as a matter of law, and the judgment of the trial court is affirmed.
The record reveals on August 16, 1998, Martenyuk went to Huntington Beach which is owned and operated by the Cleveland Metroparks located in Bay Village, Ohio to swim with his family. At 4:00 p.m., the water near Pier 4 became rough but the lifeguards did not order the swimmers out of the water. Martenyuk began to struggle to stay afloat and then drowned.
Thereafter, on August 30, 1999, Onderak filed a complaint against the Cleveland Metroparks, Robert Schloendorn, a lifeguard, and six unnamed lifeguards for negligence, nuisance, and loss of consortium. Counsel for the Cleveland Metroparks and Schloendorn filed a motion for summary judgment citing the Recreational User Statute, which Onderak opposed. However, on March 21, 2000, the court granted judgment in favor of the Cleveland Metroparks and Schloendorn. Onderak appeals from that judgment and raises the following assignment of error for our review:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT.
Onderak argues the trial court erroneously granted judgment in favor of the Cleveland Metroparks and Schloendorn because they are not immune from suit and the Recreational User Statute is inapplicable to a nuisance claim and does not apply to employees. The Cleveland Metroparks and Schloendorn maintain that Onderak's claim is barred by the Recreational User Statute. The issue here concerns whether the trial court properly granted summary judgment in favor of the Cleveland Metroparks and Schloendorn.
Civ.R. 56(C) provides in relevant part:
 * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Civ.R. 56(E) provides in relevant part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
In reviewing a motion for summary judgment, this court must construe the evidence and all reasonable inferences drawn therefrom in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45; Harless v. Willis Day Warehousing (1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the court stated at 293:
 * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. * * * If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden * * * to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Further, R.C. 1533.181 states:
(A) No owner, lessee or occupant of premises;
 (1) Owes any duty to a recreational user to keep the premises safe for entry or use;
* * *
 (B) Recreational user means a person to whom permission has been granted, without the payment of a fee * * * to enter upon premises to * * * swim, or engage in any other recreational pursuits.
R.C. 2744.02(B)(3) provides:
 Political subdivisions are liable for injury, death, or loss to persons or property caused by their failure to keep public grounds within a political subdivision in repair, and free from nuisance.
As this court has previously held, these two statutes are not conflicting. In Kendrick v. Cleveland Metroparks Bd. Of Commrs. (1994)102 Ohio App.3d 739 at page 743, this court stated:
 Appellant's argument is that R.C. Chapter 2744 is the exclusive source of immunity for political subdivisions. Appellant asserts that the provisions of 2744 conflict with those of the recreational user statute, therefore 2744 takes precedence as the more recently enacted and more comprehensive legislation. We do not agree that the intent of the legislature was to overrule the immunity provided to political subdivisions by judicial decisions when it passed legislation further extending immunity to that class of defendants.
 In fact, under R.C. 2744.03(A)(7) the legislature specifically stated that, The political subdivision . . . is entitled to any defense or immunity available at common law or established by the Revised Code." Several courts have addressed this issue regarding the immunity of political subdivisions in light of the two statutory provisions. * * * In Harman v. City of Fostoria (Feb. 18, 1994), 1994 Ohio App. LEXIS 565, Wood App. No. 93WD059, unreported, the appellate court agreed that the recreational user statute was applicable to provide immunity to a city. The plaintiff in Harman argued that "R.C. Chapter 2744, the Political Subdivision Tort Liability Act, statutorily re-imposed a limited sovereign immunity which supersedes R.C. 1533.181." Id. at 3. The Court found that:
 While there may be overlapping protection in the recreational user immunity as applied to governmental entities in Marrek and the Political Subdivision Tort Liability Act, the purpose of the two statutes is clearly the same: an effort to limit the taxpayers' exposure to liability.
 * * * The two statutes in question are not in conflict, both serving the same purpose. Furthermore, the legislature clearly intended for the recreational user statutory immunity to remain applicable to political subdivisions, as evidenced by the language of R.C. 2744.03(A)(7).
In the instant case, it is undisputed that Martenyuk entered Huntington Beach to swim without paying a fee, thereby giving him the status of a recreational user. Thus, the Cleveland Metroparks are immune from liability.
Finally, pursuant to McCord v. Ohio Division of Parks and Recreation(1978), 54 Ohio St.2d 72, immunity has been extended to insulate employees from liability. Thus, Scholendorn and the unnamed lifeguards while acting within the scope of their employment are immune from Onderak's claims against them. Thus, the trial court did not err when it granted judgment in favor of the Cleveland Metroparks and Scholendorn. Accordingly, the decision of the trial court is affirmed and Onderak's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J., and KENNETH A. ROCCO, J., CONCUR