DECISION
These consolidated appeals are from the May 23, 2000 judgment entries of the Court of Claims granting summary judgment in favor of defendant-appellee, State of Ohio, Department of Natural Resources. For the following reasons, we affirm.
Plaintiffs-appellants' decedents drowned on August 4, 1997 at Edgewater Beach, a state owned, public park on Lake Erie. Appellants brought wrongful death and survivorship actions against appellee alleging negligence by its employees in the operation of the beach area.
By entry filed May 23, 2000, the trial court granted summary judgment for appellee on the grounds that appellee was immune from liability pursuant to R.C. 1533.181(A), the "recreational-user statute." In so doing, the trial court found that summary judgment was mandated by the Ohio Supreme Court's decision in McCord v. Division of Parks andRecreation (1978), 54 Ohio St.2d 72.
Appellants timely appealed, raising the following three same assignments of error:
 I. First Assignment of Error The trial court erred to the prejudice of Appellants in granting Appellee's Motion for Summary Judgment by ruling as a matter of law on the issue of who a recreational user is.
 II. Second Assignment of Error The trial court erred to the prejudice of the Appellants in granting Appellee's Motion for Summary Judgment by ruling as a matter of law on the issue of the State of Ohio's immunity from liability.
 III. Third Assignment of Error The trial court abused its discretion when it granted Appellee's Motion for Summary Judgment as material issues of fact existed.
All three of appellants' assignments of error challenge the trial court's grant of summary judgment based upon the recreational-user statute, R.C. 1533.181, as applied to state entities by the Ohio Supreme Court in its decision in McCord, supra.
Ohio's recreational-user statute, R.C. 1533.181, generally provides that landowners owe no duty to recreational users of its land who have paid no fee or valuable consideration. In particular, R.C. 1533.181
provides as follows:
(A) No owner, lessee, or occupant of premises:
 (1) Owes any duty to a recreational user to keep the premises safe for entry or use;
 (2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use;
 (3) Assumes responsibility for or incurs liability for any injury to person or property caused by any act of a recreational user.
 (B) Division (A) of this section applies to the owner, lessee, or occupant of privately owned, nonresidential premises, whether or not the premises are kept open for public use and whether or not the owner, lessee, or occupant denies entry to certain individuals.
Pursuant to R.C. 1533.18(B):
 "Recreational user" means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency thereof, to enter upon premises to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits. [Emphasis added.]
In McCord, supra, the plaintiff's decedent drowned at a state park in Geauga County, and the plaintiff brought a wrongful death action in the Court of Claims against the state of Ohio, Division of Parks and Recreation. The Ohio Supreme Court, noting that the state's immunity from liability had been waived under R.C. 2743.02(A) "in accordance with the same rules of law applicable to suits between private parties," held that the immunity granted by R.C. 1533.181 to private landowners likewise applied to the state in its role as a landowner. Thus, the Ohio Supreme Court reinstated the order of the Court of Claims dismissing the plaintiff's complaint as a matter of law. As the Supreme Court noted, under R.C. 1533.181 the "state, when viewed as if a private party, owes no duty to a recreational user of its land, such as appellee, who has paid no fee or valuable consideration." Id. at 74. McCord would appear to be equally applicable here.
Despite McCord's apparent applicability to this case, appellants contend (in their first assignment of error) that the state is not entitled to summary judgment because there were genuine issues of material fact as to whether the state was entitled to immunity under R.C. 1533.181 as it had made improvements to the beach in question by hiring and utilizing lifeguards. In support of this argument, appellants cite Miller v. Dayton (1989), 42 Ohio St.3d 113, for the proposition that the presence of man-made improvements on property may remove the property from the statutory protections afforded to under the recreational-user statute. We find appellants' contention to be untenable.
First, in Miller, supra, the Ohio Supreme Court made it clear that to qualify for recreational-user immunity, property need not be completely natural as long as the essential character of the property remains within the provisions of the statute. As explained by the court:
 Generally speaking, recreational premises include elements such as land, water, trees, grass, and other vegetation. But recreational premises will often have such features as walks, fences and other improvements. The significant query is whether such improvements change the character of the premises and put the property outside the protection of the recreational-user statute. To consider the question from a different perspective: Are the improvements and man-made structures consistent with the purpose envisioned by the legislature in its grant of immunity? In other words, are the premises (viewed as a whole) those which users enter upon "* * * to hunt, fish, trap, camp, hike, swim, or engage in other recreational pursuits?" [Id. at 114-115.]
Based upon such an analysis, the Supreme Court held, as a matter of law, that a municipal park otherwise meeting the definition of a premises under the recreational-user statute did not lose its immunity because the park included a softball field with dugouts, fences, base plates and similar man-made structures, and the plaintiff had been engaged in a softball tournament played on such premises. Id. at 115. Likewise, the presence of lifeguards at Edgewater Beach in this case did not alter the park's essential character as a recreational premises where persons entered to swim and engage in other recreational pursuits.
Moreover, appellants' argument cannot be reconciled with the Ohio Supreme Court's holding in McCord. The state park at issue in McCord had lifeguards on duty at the time of the drowning. Furthermore, the basis of the plaintiff's complaint in McCord included claims that such lifeguards were negligent in their actions and were negligently trained by the state. Appellants' first assignment of error is not well-taken.
In their second assignment of error, appellants make two separate arguments. First, appellants argue that the state forfeited its immunity by accepting responsibility for swimmers' safety by providing lifeguards at the beach. Second, appellants argue that a duty can be imposed against the state under the special-duty rule as outlined in Anderson v. OhioDept. of Ins. (1991), 58 Ohio St.3d 215. Again, neither of appellants' arguments are persuasive.
First, appellants have cited no authority for the proposition that an entity (whether public or private) loses its immunity under the recreational-user statute by undertaking certain activities that are designed to make the recreational use more safe. In fact, none of the cases relied upon by appellants involved application of the recreational-user statute. Rather, all involved operation of the Political Subdivision Tort Liability Act, R.C. Chapter 2744. See, e.g.,McVey v. Cincinnati (1995), 109 Ohio App.3d 159 (holding that city was not immune under the Political Subdivision Tort Liability Act for negligent operation of an escalator in city-owned parking garage); Richv. Erie Cty. Dept. of Human Resources (1995), 106 Ohio App.3d 88 (noting that county children's services agency was not immune under Political Subdivision Tort Liability Act for failure to perform certain acts);Hacker v. Cincinnati (1998), 130 Ohio App.3d 764 (no city immunity for negligent maintenance of city-owned parking garage).
The essence of appellants' argument under this assignment of error is a repetition of the argument made in their first assignment of error. As noted in our discussion of that assignment of error, we see no basis to avoid the immunity provided under the recreational-user statute simply because the state chose to employ lifeguards at Edgewater Beach and that doing so would contradict binding Ohio Supreme Court precedent inMcCord, supra.
Likewise, appellants' reliance on the special-duty rule is inapplicable in this context. The special-duty rule is not an independent basis for recovery against the state, but an exception to the public-duty doctrine which, in general, holds that the state may not be liable for breach of a duty owed to the public in general. Application of the public duty rule may be avoided, however, if a person can show the "special duty" exception applies. See, generally, Franklin v. Columbus (1998),130 Ohio App.3d 53 . Again, the basis for the trial court's decision granting immunity to appellee was not the public-duty doctrine but the recreational-user statute. As such, whether or not appellee was entitled to immunity under the public-duty doctrine has no bearing on whether appellee is entitled to immunity under R.C. 1533.181. Appellants' second assignment of error is not well-taken.
Finally, in their third assignment of error, appellants generally assert that there are material issues of fact raised in this case precluding the granting of summary judgment for appellee. In particular, appellant contends that there are genuine issues of fact as to the character of the property, whether the state's act in using lifeguards was discretionary, and whether the state breached its duty of care.
Appellants' arguments in this regard, however, are dependent upon a showing that the recreational-user statute does not bar appellants' claims as a matter of law. Given our finding that the trial court correctly applied the recreational-user statute to bar appellants' claims against appellee, appellants' arguments have no effect on the resolution of this case. Appellants' third assignment of error is not well-taken.
For the foregoing reasons, all of appellants' assignments of error are overruled, and the judgments of the Ohio Court of Claims are affirmed.
Judgments affirmed.
BROWN and KENNEDY, JJ., concur.