MITCHELL, Appellant,

v.

BLUE ASH, Appellee.

[Cite as *Mitchell v. Blue Ash*, 181 Ohio App.3d 804, 2009-Ohio-1887.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–080657.

Decided April 24, 2009.

Gerald L. Nuckols, for appellant.

Dinsmore & Shohl, L.L.P., Jessica A. Dipre, and Gary E. Becker, for appellee.

HILDEBRANDT, Presiding Judge.

{¶ 1} Plaintiff-appellant, Justin Mitchell, appeals the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendant-appellee, the city of Blue Ash, in a personal-injury action.

{¶ 2} On July 4, 2005, Mitchell went to a city park to watch a free fireworks display. A portion of the park property was enclosed by a fence, which had a gate that opened and closed by rolling across the fence.

{¶ 3} Shortly after dusk, Mitchell was standing with his hand on top of the fence. A park employee opened the gate, and Mitchell's finger was severely injured when it was caught under the rolling mechanism.

{¶ 4} Mitchell sued the city for its alleged negligence. The trial court granted the city's motion for summary judgment, holding that it was entitled to immunity under the recreational-user statute, R.C. 1533.181.

{¶ 5} In a single assignment of error, Mitchell now argues that the trial court erred in granting summary judgment in favor of the city.

{¶ 6} Under Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1] This court reviews the granting of summary judgment de novo.[2]

{¶ 7} R.C. 1533.181(A)(1) provides that "[n]o owner, lessee, or occupant of premises * * * [o]wes any duty to a recreational user to keep the premises safe for entry or use." Under R.C. 1533.18(B), the term "recreational user" is defined as "a person to whom permission has been granted, without the payment of a fee or consideration to the owner * * * to enter upon premises * * * to engage in * * * recreational pursuits." The term "premises" is defined in R.C. 1533.18(A) as "all privately owned lands, ways, and waters, and any buildings and structures thereon, and all privately owned and state-owned lands, ways, and waters leased to a private person or firm, or organization, including any buildings or structures thereon."

{¶ 8} In the case at bar, it was undisputed that Mitchell had entered the park without payment of a fee to engage in a recreational pursuit and that the gate was a part of the park premises under R.C. 1533.18(B). But Mitchell argues that the city was not entitled to immunity in this case because the negligence of the city's employee had contributed to the injury.

{¶ 9} In support of his argument, Mitchell cites the Ohio Supreme Court's decision in *Ryll v. Columbus Fireworks Display Co., Inc.*[3] In *Ryll*, the plaintiff's decedent had gone to a fireworks display at a park owned by the city of

---

1. *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189.

2. *Jorg v. Cincinnati Black United Front,* 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, ¶ 6.

3. 95 Ohio St.3d 467, 2002-Ohio-2584, 769 N.E.2d 372.

Reynoldsburg and had been killed by shrapnel from a fireworks shell.[4]  In holding that Reynoldsburg was not immune, the court stated: "The cause of the injury in this case had nothing to do with 'premises' as defined in R.C. 1533.18(A). The cause of the injury was shrapnel from fireworks, which is not part of 'privately-owned lands, ways, waters, and * * * buildings and structures thereon.' "[5]

{¶ 10} Thus, the basis of the *Ryll* decision was not that the negligence of a city employee or other person had contributed to the injury, but rather that the injury had not arisen from part of the premises.  The *Ryll* court did not express an intention to abrogate prior cases in which a government entity had been accorded immunity despite the alleged negligence of an employee.[6]  And in cases decided by the Ohio Court of Claims since the *Ryll* decision, that court has held the state government immune under the recreational-user statute even where the plaintiff had alleged negligence on the part of public employees.[7]

{¶ 11} Although the dissent offers inflammatory rhetoric in response to what it deems to be a harsh result, it does not offer any authority for reversing the decision of the trial court.  The fact remains that the plaintiff in *Ryll* was permitted to seek recovery because he was not harmed by any portion of the premises.  The same cannot be said of Mitchell.

{¶ 12} Accordingly, *Ryll* does not control the instant case.  The uncontroverted evidence established that Mitchell was a recreational user and that his injuries arose from the park premises.  We overrule the assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

DINKELACKER, J., concurs.

PAINTER, J., dissents.

---

4.  Id. at ¶ 4.

5.  Id. at ¶ 15, quoting a prior version of R.C. 1533.18(A).

6.  See, e.g., *McCord v. Ohio Div. of Parks & Recreation* (1978), 54 Ohio St.2d 72, 74, 375 N.E.2d 50 (recreational-user immunity applicable where alleged negligence of lifeguard led to child's drowning in a public lake).

7.  See *Gudliauskas v. Lakefront State Park,* Ct. of Cl. No. 2004–08464, 2005-Ohio-5598 (allegedly negligent driving on part of park ranger causing injury to skater);  and *Meiser v. Ohio Dept. of Natural Resources,* Ct. of Cl. No. 2003–10392–AD, 2004-Ohio-2097 (damage to automobile caused by public employee's allegedly negligent use of an electric weed trimmer).

PAINTER, J., dissenting.

{¶ 13} I dissent because, as in *Ryll,* the cause of the injury—the city employee's negligence—had no nexus to the premises. The rolling mechanism did not engage itself—and the gate did not close itself. The cause of Mitchell's injuries was properly linked to the actions of the city's employee and had nothing to do with the rolling mechanism or gate, except that the gate or mechanism was the means of the injury. This is not a case of an employee *contributing* to the injury; rather, the employee *caused* the injury, and the premises issues are incidental to that analysis.

{¶ 14} Of course, governmental immunity is a historical accident and violates the Ohio Constitution;[8] but since the Ohio Supreme Court refuses to recognize that fact, we have to deal with it.

{¶ 15} As noted in *Ryll,* "R.C. 1533.181(A)(1) does not state that a recreational user is owed no duty. Instead, R.C. 1533.181(A)(1) immunizes an owner, lessee, or occupant of premises only from a duty 'to keep the *premises* safe for entry or use.'"[9] The issue whether the premises were safe for entry and use is not at issue here—the premises were safe for use. But when an employee's negligence alone creates an unsafe condition that injures a plaintiff, that negligence should not be excused merely because the plaintiff is a recreational user and the instrumentality inflicting the injury is arguably a part of the park premises.

{¶ 16} Doing just what the Ohio Supreme Court warned against in *Ryll,* the majority in this case allows immunization of owners, lessees, and occupants for a negligent act merely because it occurred on "premises." As the Ohio Supreme Court put it, that is to "allow R.C. 1533.181 to immunize owners, lessees, and occupants for any of their negligent or reckless acts that occur on 'premises.' The plain language of the statute indicates that the General Assembly had no such intention."[10] Though the majority claims that I do not "offer any authority for reversing the decision of the trial court," the Ohio Supreme Court's clear language would seem authority enough. Not to mention logic, common sense, and the plain words of the statute.

{¶ 17} The purpose of recreational immunity is to encourage landowners, including government landowners, to allow recreation—hiking, hunting, fishing, and the like—on their land without liability if a hiker falls in a gopher hole. It

---

**8.** *Garrett v. Sandusky* (1994), 68 Ohio St.3d 139, 141, 624 N.E.2d 704 (Pfeifer, J., concurring).

**9.** 95 Ohio St.3d 467, 769 N.E.2d 372, at ¶ 15.

**10.** Id.

takes a singular sophistry to stretch that into immunity for the landowner's employees if they negligently injure recreational users.

{¶ 18} The majority is correct that in cases after *Ryll,* the Court of Claims has meandered blithely on, evidently unaware even of *Ryll's* existence. I invite the reader to examine the two rightly unpublished cases cited by the majority in footnote seven. It will not take long. I would not dignify them by citing them in a real case. They are short-shrift responses to pro se citizens' attempts to be made whole because of state employees' negligence. One case even implies that if a park ranger negligently runs over you with his truck, then you are just out of luck if the incident happens on state land. And if that same ranger accidentally shoots you for no reason, I guess the result would be the same—immunity. Horsefeathers.

{¶ 19} No one, with it seems the exception of a few judges, could believe that R.C. 1533.181(A)(1)'s abrogation of the duty "to keep the premises safe for entry or use" allows state or city employees—or private landowners—to willy-nilly run down citizens with vehicles, or to smash them with fence gates. But that is just what the majority decides today.

{¶ 20} The gate, fence, and premises are a red herring. A stinking one at that. The wrong alleged here did not implicate the fence, gate, or rolling mechanism, or any other unsafe condition on the premises. The nexus between Mitchell's injuries and the "premises" was incidental and secondary to that between the city employee's negligence and Mitchell's injuries.

{¶ 21} Preferring not to declare open season on the citizens of Ohio, I dissent and would reverse the entry of summary judgment and remand the case for trial.