[Cite as *Graham v. Like Milton State Park*, 2011-Ohio-3535.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

S̲TEPHEN GRAHAM

Plaintiff

v.

LAKE MILTON STATE PARK

Defendant

 Case No. 2010-11331-AD

Clerk Miles C. Durfey

MEMORANDUM DECISION

FINDINGS OF FACT

**{¶ 1}** On July 11, 2010, plaintiff, Stephen Graham , suffered personal injury and property damage when he drove his vehicle onto the premises of defendant, Lake Milton State Park, and an unattended gate swung into the path of plaintiff's car striking the hood, shattering the windshield, and striking plaintiff in the head. Plaintiff filed this complaint seeking to recover $1,969.93, the cost of automobile repairs, ambulance transport to the hospital, medical co-pays for follow-up care, and the replacement cost for a GPS navigation system that had been mounted on the windshield. Plaintiff has implied that defendant, as owner of the damage-causing gate, should bear liability for the damages incurred. Plaintiff submitted the filing fee with the complaint.

**{¶ 2}** Defendant denied liability based on the fact that plaintiff was a recreational user of Lake Milton State Park at the time of the property damage occurrence. Defendant explained that Lake Milton State Park is open to the public free of charge and that plaintiff did not pay a fee to use the facilities.

**{¶ 3}** Plaintiff filed a response wherein he contended that the recreational user statute did not apply to the facts of this matter in that the gate in question was left

unsecured by a negligent act of defendant's employee. Plaintiff cited the holding of *Ryll v. Columbus Fireworks Display, Co.* 95 Ohio St. 3d 467, 2002-Ohio-2584, ¶15 wherein the Supreme Court of Ohio found that inasmuch as the injury was caused by shrapnel propelled from exploding fireworks and that the fireworks were not part of the "premises" as defined in R.C. 1533.18(A), the immunity conferred by the statutory language did not apply. In addition, plaintiff argued that the relevant statute cited by defendant was unconstitutional.[1] Finally, plaintiff noted that his insurance company had reimbursed the cost of the ambulance such that his damage claim was reduced to $954.33.

## CONCLUSIONS OF LAW

{¶ 4} Since this incident occurred at Lake Milton State Park, defendant qualifies as the owner of the "premises" under R.C. 1533.18, et seq.

{¶ 5} "Premises" and "recreational user" are defined in R.C. 1533.18, as follows:

{¶ 6} "(A) 'Premises' means all privately-owned lands, ways, and waters and any buildings and structures thereon, and all privately owned and state-owned lands, ways and waters leased to a private person, firm, or organization, including any buildings and structures thereon. "(B) 'Recreational user' means a person to whom permission has been granted, without the payment of a fee or consideration to the owner, lessee, or occupant of premises, other than a fee or consideration paid to the state or any agency of the state or a lease payment fee paid to the owner of privately owned lands, to enter upon the premises to hunt, fish, trap, camp, hike or swim, or to operate a snowmobile, all-purpose vehicle, or four-wheel drive motor vehicle, or to engage in other recreational pursuits." R.C. 1533.181 states:

{¶ 7} "(A) No owner, lessee, or occupant of premises:

{¶ 8} "(1) Owes any duty to a recreational user to keep the premises safe for entry or use; "(2) Extends any assurance to a recreational user, through the act of giving permission, that the premises are safe for entry or use."

{¶ 9} Pursuant to the enactment of R.C. 2743.02(A), the definition of premises in R.C. 1533.18(A) effectively encompassed state-owned lands. *Moss v. Department of Natural Resources* (1980), 62 Ohio St. 2d 138, 16 O.O. 3d 161, 404 N.E.2d 742. R.C.

---

[1] Plaintiff's constitutional challenge is not well-taken. See *McCord v. Division of Parks and Recreation* (1978), 54 Ohio St. 2d 72, 8 O.O. 3d 77, 375 N.E. 2d 50.

1533.181(A)(1), which provides, inter alia, that an owner of premises owes no duty to a recreational user to keep the premises safe for entry or use, applies to the state. *Fetherolf v. State* (1982), 7 Ohio App. 3d 110, 7 OBR 142, 454 N.E.2d 564. Plaintiff is clearly a recreational user, having paid no fee to enter the premises. Owing no duty to plaintiff, defendant clearly has no liability under a negligence theory. *Loudermilk v. Buckeye Lake State Park*, Ct. of Cl. No. 2003-10406-AD, 2004-Ohio-1344.

{¶ 10} To the extent that plaintiff characterized the occurrence as having been caused "by the negligence of a park employee, not by the premises," the court finds that defendant still has immunity from liability under the recreational user statute. See *Mitchell v. City of Blue Ash*, 181 Ohio App. 3d 804, 2009-Ohio-1887, ¶10 (holding that "the basis of the Ryll decision was not that the negligence of a city employee or other person had contributed to the injury, but rather that the injury had not arisen from part of the premises " and thus concluding that "in cases decided by the Ohio Court of Claims since the *Ryll* decision, that court has held the state government immune under the recreational-user statute even where the plaintiff had alleged negligence on the part of public employees.") See also *Gudliauskas v. Lakefront State Park*, Ct. of Cl. No. 2004-08464, 2005-Ohio-5598 (allegedly negligent driving on part of park ranger causing injury to skater.)

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

STEPHEN GRAHAM

    Plaintiff

    v.

LAKE MILTON STATE PARK

    Defendant

Case No. 2010-11331-AD

Clerk Miles C. Durfey


ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff.


_____
MILES C. DURFEY
Clerk

Entry cc:


Stephen Graham                          Charles G. Rowan
4448 Swan Lake Drive                    Department of Natural Resources
Copley, Ohio  44321                     2045 Morse Road, D-3
                                        Columbus, Ohio  43229-6693

SJM/laa
3/21
Filed 4/5/11
Sent to S.C. reporter 7/8/11